# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE C. BURNS,
        Petitioner,

v.                                            Case No. 09-C-1149

JEFFREY PUGH,[1]
        Respondent.

## DECISION AND ORDER

Petitioner Terrance C. Burns seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction of first-degree sexual assault of a child and incest with a child for which he was sentenced to consecutive twenty-eight year prison terms. Before me now is respondent's motion to dismiss the petition as untimely.

Petitioner appealed his conviction to the state court of appeals. His appointed counsel filed a no-merit report, to which petitioner responded, but the court affirmed his conviction. Petitioner sought review in the state supreme court, but the court denied review on September 11, 2008. Petitioner had ninety days, or until December 10, 2008, to petition the United States Supreme Court for a writ of certiorari, but he did not do so.

Although this court did not receive petitioner's habeas petition until December 16, 2009, petitioner's certificate of service states that he deposited the petition in his prison mailbox with postage prepaid on December 11, 2009. Thus, the petition was "filed" on December 11, 2009. See Rule 3(d), Rules Governing Section 2254 Cases.

---

[1] Since the filing of his petition, Burns has been transferred to a different prison within the Wisconsin prison system. I have amended the caption to substitute the warden of petitioner's current institution as the respondent.

Under 28 U.S.C. § 2244(d)(1)(A), a habeas petitioner must file his petition within one year of "the date on which the judgment became final." Petitioner's conviction became final on December 10, 2008, the last day on which he could have filed a timely petition for a writ of certiorari in the United States Supreme Court. Thus, he had until December 10, 2009 to file his habeas petition. However, he did not file his petition until December 11, 2009. Therefore, he missed the filing deadline by one day. Petitioner disputes this, arguing that under Fed. R. Civ. P. 6(a), the one-year limitation period began running on December 11, 2008, not on December 10. Although it is true that the one-year period did not begin to run until December 11, 2008, this does not mean that petitioner had until December 11, 2009 to file his petition. Rather, even after Rule 6(a) is taken into account, the one-year period expires as of the close of business on the anniversary of the date the conviction became final. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); see also Modrowski v. Mote, 322 F.3d 965, 966 (7th Cir. 2003); Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002); Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000). The anniversary of the date on which petitioner's conviction became final was December 10, 2009, and therefore petitioner's filing was untimely.

Petitioner does not argue that the one-year limitation period was tolled either statutorily or equitably, and I see nothing in the record that would support either a statutory- or equitable-tolling argument. See Marcello, 212 F.3d at 1010 (equitable tolling does not apply when a petitioner miscalculates the statute of limitations by one day).

Therefore, for the reasons stated,

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**, and this case is **DISMISSED.** The clerk of court shall enter final judgment.

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 18 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge

3