# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE C. BURNS,**
        **Petitioner,**

     v.                                                       **Case No. 09-C-1149**

**JEFFREY PUGH,**
        **Respondent.**

## DECISION AND ORDER

      Petitioner Terrance C. Burns sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 18, 2010, I dismissed the petition on the ground that petitioner had filed his petition one day too late. See 28 U.S.C. § 2244(d)(1)(A). Petitioner now asks that I reconsider my decision and excuse the untimeliness of his petition on the grounds that petitioner is not a lawyer and that his miscalculation of the filing deadline was the result of excusable neglect.

      Although I sympathize with petitioner and realize that the procedural requirements governing habeas cases can be very difficult for pro se petitioners to navigate, I have no authority to excuse petitioner's failure to file his petition on time. To begin with, a federal court has no authority to excuse non-compliance with the statute of limitations based on a finding of excusable neglect. In arguing that I may excuse his non-compliance based on excusable neglect, petitioner cites a case in which a district court excused a party's filing his notice of appeal one day late. See United States v. Brown, 133 F.3d 993 (7th Cir. 1998). However, that case involved the Federal Rules of Appellate Procedure, which explicitly provide that a district court may allow an untimely notice of appeal if the party

shows good cause or excusable neglect. See Fed. R. App. P. 4(b)(4). But there is no similar provision in Section 2244(d)(1)(A), and thus excusable neglect is not a basis for accepting petitioner's untimely petition.

The most I could do is find that petitioner is entitled to have the statute of limitations equitably tolled, but the Seventh Circuit has held that missing the filing deadline by one day is not grounds for equitable tolling. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). As the court stated, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." Id. Thus, even if petitioner's failure to file his habeas petition within the statute of limitations was the result of a good-faith error, he is not entitled to equitable tolling. See also Modrowski v. Mote, 322 F.3d 965 (7th Cir. 2003) (refusing to apply equitable tolling where petitioner's attorney's incapacity caused § 2254 petition to be filed one day late); Wilson v. Battles, 302 F.3d 745, 749 (7th Cir. 2002) (stating that equitable tolling applies only in exceptional circumstances, and does not apply merely because delay in filing habeas petition was minimal).

Therefore, **IT IS ORDERED** that petitioner's motion for reconsideration and enlargement of time is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge